Not For Publication

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
|  |  |  |  |
|---|---|---|---|
| IN RE: | ) | CASE NO. | 09-30990 (LMW) |
|  | ) |  |  |
| INTERCITY DEVELOPMENT, LLC, | ) | CHAPTER | 7 |
|  | ) |  |  |
| DEBTOR. | ) | ECF NOS. | 36, 40 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

)
ROBERT GHENT, )
)
      MOVANT )
)
vs. )
)
INTERCITY DEVELOPMENT, LLC )
and ROBERTA NAPOLITANO, )
TRUSTEE, )
)
      RESPONDENTS. )

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## APPEARANCES

| | |
|---|---|
| Carl T. Gulliver, Esq.<br>Coan, Lewendon, Gulliver<br> & Miltenberger, LLC<br>495 Orange Street<br>New Haven, CT 06511 | Attorney for Movant Robert Ghent |
| Bruce L. Elstein, Esq.<br>Elstein and Elstein, PC<br>1087 Broad Street, Suite 400<br>Bridgeport, CT 06604 | Attorney for Northeast Builders' Supply and<br>  Home Center, LLC |

| | |
|---|---|
| Matthew F. Fitzsimmons, Esq.<br>Assistant Attorney General<br>Office of the Attorney General<br>110 Sherman Street<br>Hartford, CT 06105 | Attorney for State of Connecticut, Department<br>of Consumer Protection |
| Roberta Napolitano, Esq.<br>350 Fairfield Avenue<br>Bridgeport, CT 06601 | Chapter 7 Trustee |

**BRIEF MEMORANDUM AND SUA SPONTE ORDER ABSTAINING
FROM AND STAYING PROCEEDINGS ON ECF NOS. 36 AND 40, FURTHER
MODIFYING THE AUTOMATIC STAY AND SCHEDULING STATUS CONFERENCE**

Lorraine Murphy Weil, Chief United States Bankruptcy Judge

**WHEREAS,** much of the relevant background is set forth in *Intercity Development v. Rose,* No. CV084016602S, 2010 WL 1006098 (Conn. Super. Feb. 11, 2010) (the "Decision"). Familiarity with the Decision is assumed;

**WHEREAS,** the above-referenced chapter 7 case was commenced against Intercity Development, LLC ("Intercity") by an involuntary petition filed by Northeast Builders Supply & Home Centers, LLC ("NEB") on April 22, 2009. An order for relief was entered on July 17, 2009 (*see* ECF No. 8);

**WHEREAS,** on August 14, 2009, the above-referenced movant ("Ghent") filed a motion for relief from stay (ECF No. 19, the "R/S Motion") to allow a certain declaratory judgment action (the "Declaratory Judgment Action")[1] "to proceed to judgment and the Escrowed Funds disbursed

---

[1] The Declaratory Judgment Action is Case Number UWY-CV-08-4016602-S then pending in the Connecticut Superior Court, J.D. of Waterbury at Waterbury in respect to rights of certain parties in and to certain escrowed funds (the "Escrowed Funds"). The Decision was rendered in that case.

pursuant thereto, and for such other and further relief as the Court deems just and appropriate," (ECF No. 19 ¶ 7). On September 7, 2009, the Chapter 7 Trustee (the "Trustee") filed an objection (ECF No. 26, the "R/S Objection") to the R/S Motion. In the R/S Objection, the Trustee asserted, among other things, that relief from stay should not be granted because "[t]he controversies over the competing interests in the Escrowed Funds present at least three core proceedings for this Court – the allowance of claims against property of the estate . . . proceedings to avoid preferences . . . , and determinations as to the validity, extent or priority of liens . . . ," (*id.* ¶ 7);

**WHEREAS,** the R/S Motion and the R/S Objection came on for a hearing on September 16, 2009. Ghent and the Trustee appeared and NEB also appeared and orally objected to the R/S Motion. (*See* Oral Record of 9/16/2009 Hearing at 10:49:05 *et seq.*) At the conclusion of that hearing, the court granted partial relief from stay and sustained the R/S Objection in part and overruled it in part. (*See* ECF Nos. 32, 33.);

**WHEREAS,** ECF No. 33 provided in relevant part as follows:

> **ORDERED**, that the automatic stay of 11 U.S.C. Section 362(a), be, and the same hereby is modified to allow the case of *Intercity Development, LLC, et al. vs. Paul Rose, et al.*, Case No. UWY-CV-08-4016602-S, in the Superior Court, J.D. of Waterbury at Waterbury (the "State Court Litigation" and the "Superior Court"), to proceed to the extent required to allow the Superior Court to hear and consider, and if it deems appropriate to determine, summary judgment motions, and it is,
>
> **FURTHER ORDERED,** that regardless of the Superior Court's determination of the State Court Litigation by summary judgment, the funds held in escrow by Attorney Robert Hanahan pursuant to the escrow agreement described in the Motion [for Relief from Stay] shall not be disbursed pending further order of this Court, and it is
>
> **FURTHER ORDERED,** that except as set forth herein the automatic stay shall continue in full force and effect such that the State Court Litigation shall not proceed beyond summary judgment and specifically shall not proceed to trial, and no notice of appeal of any summary judgment shall be filed without further order of this Court, all rights of the parties respecting such matters, and all rights of action of

- 3 -

the trustee under Chapter 5 of the Bankruptcy Code, specifically being hereby preserved . . . .

(ECF No. 33 at 1-2);

**WHEREAS,** on February 11, 2010 the Superior Court issued the Decision on cross-motions for summary judgment in the Declaratory Judgment Action. *See Intercity Development, LLC v. Rose, supra*;

**WHEREAS,** none of the parties to the Declaratory Judgment Action sought further relief from stay for clarification, reconsideration, appeal or the like with respect to the Decision;

**WHEREAS,** on February 19, 2010, Ghent filed the above-referenced Motion To Direct Disbursement of Escrow Funds to Robert Ghent, Esquire. (*See* ECF No. 36.) On March 17, 2010, NEB filed the above-referenced objection to ECF No. 36. (*See* ECF No. 40.);[2]

**WHEREAS,** an evidentiary hearing was held in respect of the Contested Matter over two days (*i.e.,* April 26, 2010 and May 6, 2010). At the beginning of that hearing, the Trustee asked to (and was permitted to be) excused from the hearing.[3] At the conclusion of the hearing, the

---

[2] ECF Nos. 36 and 40 hereafter are referred to collectively as the "Contested Matter." On April 21, 2010, the State of Connecticut filed its own motion for disbursement in respect of the Escrowed Funds. (*See* ECF No. 43.) Proceedings on that motion have been continued without date pending adjudication of the Contested Matter. (*See* ECF No. 49 at 8:18 – 11:3; ECF No. 50 at 211:19 – 212:6.)

[3] At the hearing, the court had the following exchange with the Trustee and counsel:

MS. NAPOLITANO: Roberta Napolitano, the Chapter 7 Trustee.

And your Honor, I'd ask that I be excused because I'm not certain that the developments in this hearing may affect the estate -- the unsecured creditors of the estate.

THE COURT: Well, you say you're not certain.

- 4 -

Contested Matter was taken under advisement subject to post-trial briefing.  Post-trial briefing is complete;

**WHEREAS,** in its post-trial brief (ECF No. 55), NEB takes the position that the Decision is "an interlocutory ruling concerning priorities," (*id.* at 3).  NEB further states: "It is NEB's intent to await the outcome of the ruling here to determine if further relief from stay to appeal . . . [the Decision] will be sought," (*id.*);

**WHEREAS,** in his Movant's First Amended Post-Trial Reply Memorandum (ECF No. 58), Ghent states as follows:

> It should be noted that Northeast never raised the issue regarding the scope of the charging lien as it related to "Whispering Knolls Development, LLC" or "Anthony Stewart"  in its Motion for Summary Judgment in the underlying declaratory Judgment action.  To the extent that Judge Gallagher decided the issue [in the Decision] by excluding from the charging lien the matters invoiced to Anthony Stewart or Whispering Knolls, she did so without the benefit of legal briefs on the subject.  Judge Gallagher also did not have the benefit of any testimony from either  Ghent or Anthony Stewart.

---

> MS. NAPOLITANO:   I'm pretty sure.
>
> THE COURT:   All right.  You're asking to be excused on that basis.
>
> MS. NAPOLITANO:   Yes, your Honor.
>
> THE COURT:  Anyone object?
>
> MR. ELSTEIN:   No, your Honor.
>
> MR. GULLIVER:  No objection, your Honor.
>
> THE COURT:   All right.  The Trustee is excused.

(ECF No. 49 at 5:5-25.)  However, the Trustee technically has not abandoned the Escrowed Funds as property of the estate (*see* 11 U.S.C. § 554) and, accordingly, the court retains its *in rem* jurisdiction over the Escrowed Property (*see* 28 U.S.C. § 1334(e)).

> Although during the hearing on summary judgment Judge Gallagher stated that she only intended to rule on the issue of priority, in fact she moved beyond the scope of the complaint and the motions before her and opined [in the Decision] that if the charging lien were allowed to reach debts for related clients in connection with unrelated matters, there would have to be an agreement between the attorney and the client to whom the recovery belongs allowing the lien to cover such debts. Judge Gallagher found "[a] special agreement exists in the instant case via the partial assignment signed for Intercity by Anthony Stewart." . . . Despite her finding of the requisite agreement, Judge Gallagher then proceeded to hold that "debts owed to Ghent for services to Whispering Knolls or Anthony Stewart are not properly part of a charging lien on the fund resulting from the judgment for Intercity and do not have priority over liens of other creditors."
>
> Ghent respectfully submits that Judge Gallagher overlooked the terms and condition of the October 2004 fee agreement among Ghent, Intercity Development, LLC, Whispering Knolls Development, LLC and Anthony Stewart. If given a chance to reconsider [that aspect of the Decision], Ghent respectfully submits that the Court will conform its decision to the underlying agreements.

(ECF No. 58 at 6-7 (citations omitted; modifications added).);

**WHEREAS,** the Decision is a substantial decision dealing with a particular area of Connecticut state law (*i.e.,* attorneys' charging liens);

**WHEREAS,** the interests of judicial economy, comity with the Superior Court and respect for state law make it inappropriate for this court to proceed with the Contested Matter until the Decision (as it may be modified or the like on appeal or otherwise) has become final and unappealable;

**NOW, THEREFORE,** for the reasons set forth above and pursuant to 28 U.S.C. § 1334(c)(1) and/or 11 U.S.C. § 105, it hereby is **ORDERED** that the court shall abstain from the Contested Matter as set forth hereinbelow; and it is further

**ORDERED** that (except for status conference(s)) the Contested Matter is stayed subject to further order of this court; and it is further

**ORDERED** that the automatic stay in this case further is modified to permit any party-in-

interest (a) to seek to modify the Decision, (b) to seek a clarification thereof, (c) to seek the rendition of the Decision as an appealable order (if it is not such an order now) and/or (d) to appeal the Decision (and to take any action necessary or appropriate to perfect such appeal), and to prosecute any of the foregoing to finality (and to defend with respect to the same); *provided, however,* the Declaratory Judgment Action shall not proceed to trial without further order of this court; and it is further

**ORDERED** that regardless of the state courts' subsequent determination(s) in the Declaratory Judgment Action, the Escrowed Funds held by Attorney Robert Hanahan shall not be disbursed pending further order of this court; and it is further

**ORDERED** that the Clerk's Office shall serve a copy of this Order upon all the appearing parties listed above and the United States Trustee by this court's CM/ECF system (if applicable, otherwise by first-class mail); and it is further

**ORDERED** that Ghent forthwith shall transmit a copy of this Order to Attorney Robert Hanahan by first-class mail or fax; and it is further

**ORDERED** that a status conference in respect of the Contested Matter hereby is scheduled for March 2, 2011 at 10:00 a.m. at the United States Bankruptcy Court, Connecticut Financial Center, 157 Church Street (18th Floor), New Haven, Connecticut.

Dated: January 7, 2011                                              BY THE COURT

                                                                    *Lorraine Murphy Weil*
                                                                    Lorraine Murphy Weil
                                                                    Chief United States Bankruptcy Judge